IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ROGER YOUNG, Register No. 1121746, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4264-CV-C-NKL |
| | ) | |
| JAY NIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On January 11, 2007, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on January 22, 2007, and his supplemental filings of January 29 and 31 and March 1, 2007. The issues raised in plaintiff's pleadings were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

To the extent plaintiff's objections cite problems with payment of money to his attorney from plaintiff's bank account, such claims are not proper under 42 U.S.C. § 1983. At most, such claims are property claims, which must be brought in state court. Plaintiff, in essence, alleges state employees violated his due process rights under the Fourteenth Amendment when they took his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990); Sours v. Armontrout, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to

99.15, or they can bring a common-law claim for conversion.  Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984).  See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982).  Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities.  See Harris v. Munoz, 2001 WL 118147 (Mo. App. Feb. 13, 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2005).

     Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002).  This statute gives state judges the discretion to waive costs and fees for indigent parties.  Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

     Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal.  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

     On January 11, 2007, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $350.00 filing fee established for civil cases.  Plaintiff was warned that the court would collect the entire $350.00 filing fee if he filed another pleading in this case.  See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account).  A review of plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $1.75.

     IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $1.75 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $350.00 filing fee is paid in full.  It is further

     ORDERED that the Report and Recommendation of January 11, 2007, is adopted. [4]  It is further

ORDERED that plaintiff's claims are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: March 23, 2007
Jefferson City, Missouri

3